CONFORMED
COPY

1   QUINN EMANUEL URQUHART & SULLIVAN LLP
      Harold A. Barza (Bar No. 080888)
2      halbarza@quinnemanuel.com
      Joseph M. Paunovich (Bar No. 228222)
3      joepaunovich@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
4   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
5   Facsimile:  (213) 443-3100

6   Attorneys for Plaintiff Moldex-Metric, Inc.

7

8

9                   UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                        WESTERN DIVISION

12

13  MOLDEX-METRIC, INC., a California     CASE NO. CV11-01742 GHK (AGRx)
    corporation,
14                                          COMPLAINT FOR:
              Plaintiff,
15                                          (1) FEDERAL TRADEMARK
         vs.                                    INFRINGEMENT AND UNFAIR
16                                              COMPETITION
    MCKEON PRODUCTS, INC., a
17  Michigan Corporation,                   (2) COMMON LAW TRADEMARK
                                                INFRINGEMENT AND UNFAIR
18            Defendant.                         COMPETITION

19                                          (3) STATE UNFAIR COMPETITION

20                                          DEMAND FOR JURY TRIAL

21

22

23

24

25

26

27

28

1    Plaintiff Moldex-Metric, Inc. ("MOLDEX"), by and through its undersigned

2  attorneys, for its Complaint against Defendant McKeon Products, Inc.

3  ("MCKEON"), alleges as follows:

4  **I.   THE PARTIES**

5    1.    Plaintiff MOLDEX is a California corporation with a principal place of

6  business at 10111 West Jefferson Boulevard, Culver City, California 90232.

7    2.    MOLDEX is informed and believes and thereon alleges that defendant

8  MCKEON is an Michigan corporation with a principal place of business at 25460

9  Guenther, Warren, MI 48091, and at all times relevant hereto was and is doing

10  business in the State of California sufficient to give rise to personal jurisdiction in

11  this forum.

12  **II.   JURISDICTION AND VENUE**

13    3.    This Court has subject matter jurisdiction over this action under 28

14  U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity

15  jurisdiction); 28 U.S.C. § 1338(a) and (b) because this action arises under the

16  Lanham Act (15 U.S.C. §§ 1051 – 1127); and 28 U.S.C. § 1367 (supplemental

17  jurisdiction).

18    4.    On information and belief, this Court has personal jurisdiction over

19  MCKEON because it conducts business within the State of California and has

20  committed the acts of trademark and trade dress infringement and federal and state

21  unfair competition that have given rise to this action in this district.  MCKEON has

22  established minimum contacts with the forum such that the exercise of jurisdiction

23  over it would not offend traditional notions of fair play and substantial justice.

24    5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)

25  because, on information and belief, MCKEON conducts business within this judicial

26  district and/or a substantial part of the events giving rise to the alleged claims in this

27  action occurred in this judicial district.

28

### III.   FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.     Since 1982, MOLDEX has been engaged in the business of manufacturing and selling earplugs. Today, MOLDEX is one of the premier sellers of foam earplug products throughout the world. The very first foam earplug MOLDEX began selling in 1982 was bright green in color. For more than 28 years, MOLDEX has continuously used a bright green color ("the Green Color Mark") to identify its earplugs and to distinguish its earplug products from those made and sold by others. Today, MOLDEX sells disposable earplugs bearing the Green Color Mark under the name "Pura-Fit®."

7.     MOLDEX's earplug products have a strong reputation in the industry for being of extremely high quality.

8.     To create further public awareness of MOLDEX's Green Color Mark, MOLDEX has expended substantial time, effort and money advertising and promoting the Green Color Mark in conjunction with its Pura-Fit® disposable earplug and other earplug products which incorporate the Green Color Mark, both throughout the United States and around the world.

9.     As a result of MOLDEX's promotional and marketing efforts, the Green Color Mark has become widely known and extremely valuable goodwill has developed in it. By virtue of this promotion and marketing, and the substantial sales of the Pura-Fit® earplug and other earplug products bearing the Green Color Mark, the Green Color Mark has become distinctive of MOLDEX's ear plug products and is identified with MOLDEX's goodwill and reputation.

10.     MOLDEX is informed and believes and thereon alleges that MCKEON has for many years been in the business of manufacturing and selling personal hearing protection products.

11.     MOLDEX is further informed and believes and thereon alleges that within the past year MCKEON introduced and began selling bright green disposable and reuseable earplugs under the name "Snore BLOCKERS Soft Foam Earplugs."

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

"HearPlugs Hi-Fidelity Earplugs," and "Shooters Corded Foam Earplugs" (the "Accused Earplug Products") throughout the United States that are intended to compete with MOLDEX's Pura-Fit® earplug and other earplug products bearing the Green Color Mark.

12.     MOLDEX is informed and believes and thereon alleges that MCKEON targeted MOLDEX's disposable and reusable earplug product line because it knows that MOLDEX's earplugs have a strong reputation in the industry for being of extremely high quality and that MCKEON chose to use a mark and trade dress confusingly similar to MOLDEX's earplugs with which they are now competing in order to trade on MOLDEX's goodwill by confusing the marketplace into believing that their hearing protection line is manufactured by, affiliated with or sponsored by MOLDEX.

13.     On information and belief, MCKEON promotes, markets and distributes its hearing protection line, including the Accused Earplug Products, in the same marketing channels as MOLDEX.

14.     MCKEON's promotion, marketing and sale of its Accused Earplug Products is causing and will continuing causing irreparable harm to MOLDEX's reputation and goodwill and to the value of MOLDEX's Green Color Mark unless MCKEON'S conduct is enjoined.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement and Unfair Competition)

15.     MOLDEX realleges and incorporates herein by reference paragraphs 1 through 14 of this Complaint.

16.     MCKEON makes, imports, distributes, uses, offers to sell and/or sells in the United States, including this district, bright green earplugs that directly infringe Moldex's Green Color Mark in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and Federal Unfair Competition laws.

17.    Moldex has actively marketed, promoted, and continuously sold earplugs with the Green Color Mark for more than 28 years such that it has become distinctive of MOLDEX's goods.  MCKEON has used Moldex's Green Color Mark without its authorization and continues to trade off the goodwill and reputation created and maintained by Moldex in the Green Color Mark.

18.    The contemporaneous use by MCKEON of a bright green color mark and trade dress for its earplugs will inevitably lead, if it has not already done so, to confusion and mistake in the trade and deception of purchasers and to confusion as to the origin, sponsorship or affiliation of MCKEON's goods.  MOLDEX's customers may erroneously conclude that MOLDEX sponsors or is responsible for MCKEON's goods and those customers may have occasion to purchase MCKEON's goods erroneously, believing that MOLDEX's standards of quality and service apply to those goods, thereby doing great and irreparable harm to MOLDEX's reputation.

19.    The acts of MCKEON set out above constitute a false designation of origin, sponsorship and chain of distribution of such goods and a false or misleading description or representation of those goods.

20.    By reason of the acts alleged herein, MOLDEX has suffered and will continue to suffer damage to their business, reputation and good will and monetary damages in an amount not yet determined.  MCKEON's actions have caused, and unless MCKEON is enjoined by this Court, its actions will continue to cause irreparable harm and injury to Moldex.  Accordingly, Moldex lacks an adequate remedy at law and it is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

21.    MCKEON's conduct described herein is willful, wanton, malicious, oppressive and in conscious disregard of MOLDEX's rights in its Green Color Mark, and Moldex is entitled to damages pursuant to 15 U.S.C. § 1117, including MCKEON's profits, Moldex's actual damages and the costs of this action, punitive and exemplary damages and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

22.    MOLDEX realleges and incorporates herein by reference paragraphs 1 through 21 of this Complaint.

23.    MCKEON's acts alleged herein constitute unfair competition and infringement of MOLDEX's common law rights in its Green Color Mark.

24.    MCKEON has caused, and is causing, monetary harm to Moldex.   In addition, and independently, MCKEON has caused, and is causing, irreparable harm to Moldex, and unless permanently restrained by this Court, said irreparable injury will continue.

25.    MCKEON's conduct described herein is willful, wanton, malicious, oppressive and in conscious disregard of MOLDEX's rights in its Green Color Mark, justifying the imposition of punitive and exemplary damages.

## THIRD CLAIM FOR RELIEF

### (State Unfair Competition)

26.    MOLDEX realleges and incorporates herein by reference paragraphs 1 through 25 of this Complaint.

27.    MOLDEX is the exclusive owner of the common law trademark rights in the Green Color Mark. No license or authorization has been granted to MCKEON to use the Green Color Mark or any variations thereon.

28.    MOLDEX is informed and believes and thereon alleges that MCKEON, with full knowledge of the public awareness and value of MOLDEX's Green Color Mark, has traded on the goodwill associated with the mark and has misled and will continue to mislead the public into assuming a connection between MOLDEX and MCKEON's products by continuing to use MOLDEX's Green Color Mark for its products.  This conduct has caused and will continue to cause irreparable damage to MOLDEX's goodwill and reputation and unjustly enrich MCKEON.

29.    By falsely suggesting a connection with or sponsorship by MOLDEX, MCKEON's use of the Green Color Mark has caused and is likely to cause confusion or misunderstanding as to the source, sponsorship, or approval of MCKEON's goods by Moldex or as to MCKEON's affiliation, connection, or association with Moldex, and otherwise damage the public.

30.    MCKEON's conduct constitutes unfair competition and deceptive acts or practices in the course of a business, trade, or commerce in violation of the laws of California, CAL. BUS. & PROF. CODE § 17200 *et seq.*; and Alabama, ALA. CODE §§ 8-10-1 *et seq.* (2002); Alaska, ALASKA STAT. 45.50.471 *et seq.*; Arizona, A.R.S. 44-1521 *et seq.*; Arkansas, A.C.A. § 4-75-201 *et seq.*; Colorado, COLO. REV. STAT §§ 66-2-101 *et seq.*; Connecticut, Connecticut Unfair Trade Practices Act ("CUTPA"), CONN. GEN. STAT., §§42-110a *et seq.*; Delaware, 6 DEL. C. §§ 251 1-27; Florida, FLA. STAT. §§501.201-213; Georgia, O.C.G.A. §§ 10-1-390 through 10-1-407; Hawaii, HRS § 480 *et seq.*; Idaho, I.C. §§ 48-601 *et seq.* (1979); Illinois, 815 ILL. COMP. STAT. ANN. 505/1 *et seq.*; Indiana, IND. CODE §§ 24-5-0.5-1 *et seq.*; Kansas, K.S.A. §§ 500-623 *et seq.*; Kentucky, K.R.S. ch. 365 *et seq.*; Louisiana, LA. REV. STAT. ANN. 51:1401-1419; Maine, 5 M.R.S.A. §§ 206-214; Maryland, MD. COM. LAW CODE ANN. §§ 13-301 *et seq.* (2005); Massachusetts, MASS. LAWS ANN. CH. 93A, §§1-11; Michigan, MICH. COMP. LAWS ANN. §§ 445.901 *et seq.*; Minnesota, MINN. STAT. ANN. §§ 325D.09 -325DD.16, 325F.68-325F.70; Nebraska, NEB. REV. STAT. §§ 59-1601 through 1623; Nevada, NEV. REV. STAT. §§ 598.0903 to 598.990, 598.A.010 to 280; New Hampshire, N.H. REV. STAT. ANN. § 358-A; New Jersey, N.J. STAT. ANN. §§ 56:4-1 to -2, 56:8-1 to -166; New Mexico, N.M. STAT. ANN. § 57-12-2; New York, N.Y. GEN. BUS. L. § 349; North Carolina, N.C. GEN. STAT. §75-1.1; North Dakota, N.D. CENT. CODE § 51-10; South Carolina, S.C. CODE ANN. §§ 39-5-10 through 39-5-560; South Dakota, S.D. CODIFIED LAWS § 37-24-6; Tennessee, TENN. CODE ANN. §§ 47-18-101, *et seq.*; Utah, UTAH CODE ANN. § 13-5—1, *et seq.*; Vermont, VT. STAT. ANN. TIT. 9, §§

-7-

2451-2480n; Washington, WASH. REV. CODE § 19.86.010; Wisconsin, WIS. STAT. § 100.20; the Colorado Consumer Protection Act, COLO. REV. STAT. § 6-1-105, *et seq.*, and the unfair and deceptive trade practices statutes of other states, including Delaware, DEL. CODE ANN. TIT. 6, §§ 2531-36; Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375; Hawaii, HAW. REV. STAT. § 481-A; Illinois, 815 ILL. COMP. ANN. 510/1 TO 510/7; Kentucky, KY. REV. STAT. ANN. §§ 367.10, 367.175; Maine, ME. REV. STAT. TIT. 10, §§ 1211-1216; Minnesota, MINN. STAT. ANN. §§ 325D.43-325D.48; Nebraska, NEB. REV. STAT. §§ 87-301 – 87-306; Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04; Oklahoma, OKLA. STAT. TIT. 78, § 75-1-1; and Rhode Island,  R.I. GEN. LAWS §§ 6-13.1-1 through 6-13.1-19.

31.    MCKEON has caused, and is causing, monetary harm to Moldex.   In addition, and independently, MCKEON has caused, and is causing, irreparable harm to Moldex, and unless permanently restrained by this Court, said irreparable injury will continue.

32.    MCKEON's conduct described herein is willful, wanton, malicious, oppressive and in conscious disregard of MOLDEX's rights in its Green Color Mark, justifying the imposition of punitive and exemplary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, MOLDEX prays as follows:

33.    For injunctive relief, as provided for in 15 U.S.C. §1116, namely for temporary, preliminary and permanent injunctive relief preventing MCKEON and its officers, agents, affiliates, servants, employees, and attorneys, and all those persons acting or attempting to act in concert or participation with them, from directly or indirectly:

a)     manufacturing, advertising, promoting, marketing, or selling its Accused Earplug Products or any other product bearing a trademark or trade dress confusingly similar to MOLDEX's Green Color Mark.

b)      using any false designation of origin or false description, including the appearance of its Accused Earplug Products, that can, or is likely to, lead the consuming public, or individual members thereof, to believe that any goods produced, advertised, promoted, marketed, provided, or sold by MCKEON are in any manner associated or connected with MOLDEX, or are advertised, promoted, marketed, sold, licensed, sponsored, approved or authorized by MOLDEX; and

c)      unfairly competing with MOLDEX in any manner whatsoever.

34.     For an order, as provided for in 15 U.S.C. §1118, requiring that all materials bearing and used to produce the infringing mark and trade dress be delivered up and destroyed, and requiring MCKEON to withdraw from the market all infringing products and advertising and promotional material displaying the infringing products.

35.     For an order directing defendant to file with the Court and serve upon plaintiff's counsel within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which MCKEON has complied with the injunction, including the provision relating to destruction and recall of infringing products and materials.

36.     For an order requiring defendant to account to plaintiff for any and all profits derived by MCKEON from the marketing and sale of products bearing MOLDEX's Green Color Mark.

37.     For judgment for actual compensatory damages to be proven at the time of trial as provided for in 15 U.S.C. §1117 and applicable state law, including MCKEON's profits or gains of any kind resulting from its acts of infringement and unfair competition.

38.     For judgment for enhanced damages for MCKEON's willful infringement, as provided for in 15 U.S.C. §1117, including an award of treble damages, and for punitive and exemplary damages as appropriate.

39.     For plaintiff's attorneys' fees and costs of this action as provided for in 15 U.S.C. §1117.

40.     For such further and additional relief as the Court may deem just and proper, including pre and post judgment interest.

DATED: February 28, 2011          QUINN EMANUEL URQUHART &
                                  SULLIVAN LLP


                                  By _____
                                     Harold A. Barza
                                     Joseph M. Paunovich
                                     Attorneys for Plaintiff
                                     MOLDEX-METRIC, INC.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

## **DEMAND FOR JURY TRIAL**

Plaintiff MOLDEX hereby demands a trial by jury of all issues triable by jury.

DATED: February 28, 2011        QUINN EMANUEL URQUHART &
                                 SULLIVAN LLP


By _____
    Harold A. Barza
    Joseph M. Paunovich
    Attorneys for Plaintiff
    MOLDEX-METRIC, INC.

-11-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV11- 1742 GHK (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
    **312 N. Spring St., Rm. G-8**
    **Los Angeles, CA 90012**

[_] **Southern Division**
    **411 West Fourth St., Rm. 1-053**
    **Santa Ana, CA 92701-4516**

[_] **Eastern Division**
    **3470 Twelfth St., Rm. 134**
    **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOLDEX-METRIC, INC., a California corporation, <br><br> PLAINTIFF(S) <br><br> v. <br><br> MCKEON PRODUCTS, INC., a Michigan corporation, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV11-01742** GHK (AGRx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): <u>MCKEON PRODUCTS, INC.</u>

   A lawsuit has been filed against you.

   Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Harold Barza, Joe Paunovich</u>, whose address is <u>865 South Figueroa Street, 10th Floor, Los Angeles, California 90017</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ FEB 2 8 2011

By: _____
   JULIE PRADO   SEAL
   Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                           **SUMMONS**                                                   CCD-1A

CONFORMED COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Moldex-Metric, Inc., a California Corporation

**DEFENDANTS**

McKeon Products, Inc., a Michigan Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Quinn Emanuel Urquhart & Sullivan, LLP
  Harold A. Barza, SBN 80888
  Joseph M. Paunovich, SBN 228222
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000; F (213) 443-3100

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Trademark Infringement under Section 43 of the Lanham Act, 15 USC Section 1125(a); Federal and State Unfair Competition; Common Law Trademark Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES: ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 890 Other Statutory Actions ☐ 891 Agricultural Act ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Info. Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes

CONTRACT: ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise

REAL PROPERTY: ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property

TORTS PERSONAL INJURY: ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Fed. Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury ☐ 362 Personal Injury-Med Malpractice ☐ 365 Personal Injury-Product Liability ☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION: ☐ 462 Naturalization Application ☐ 463 Habeas Corpus-Alien Detainee ☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY: ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability

BANKRUPTCY: ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS: ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 445 American with Disabilities-Employment ☐ 446 American with Disabilities-Other ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence Habeas Corpus ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus/Other ☐ 550 Civil Rights ☐ 555 Prison Condition

FORFEITURE/PENALTY: ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs ☐ 660 Occupational Safety/Health ☐ 690 Other

LABOR: ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS: ☐ 820 Copyrights ☐ 830 Patent ☒ 840 Trademark

SOCIAL SECURITY: ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g))

FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS - Third Party 26 USC 7609

CV11-01742

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [ X ] No [ ] Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [ X ] No [ ] Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)

[ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Moldex-Metric, Inc. - Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant McKeon Products, Inc. - Michigan |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims arose in Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _(signature)_ Date February 28, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |