ORIGINAL

1  QUINN EMANUEL URQUHART & SULLIVAN LLP
2     Harold A. Barza (Bar No. 080888)
      halbarza@quinnemanuel.com
3     Joseph M. Paunovich (Bar No. 228222)
      joepaunovich@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
5  Facsimile:   (213) 443-3100

6  Attorneys for Plaintiff Moldex-Metric, Inc.

7



8

9                    UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                         WESTERN DIVISION

12

13  MOLDEX-METRIC, INC., a California     CASE NO. CV11-01742 GHK (AGR)
    corporation,
                                          AMENDED COMPLAINT FOR:
14          Plaintiff,
                                          (1) FEDERAL TRADEMARK
15      vs.                               INFRINGEMENT AND UNFAIR
                                          COMPETITION
16  MCKEON PRODUCTS, INC., a
    Michigan Corporation and SWEDSAFE     (2) FEDERAL TRADEMARK
17  AB, a Swedish company,                DILUTION

18          Defendants.                   (3) STATE TRADEMARK DILUTION

19                                        (4) COMMON LAW TRADEMARK
                                          INFRINGEMENT AND UNFAIR
20                                        COMPETITION

21                                        (5) STATE UNFAIR COMPETITION

22                                        DEMAND FOR JURY TRIAL

23

24  

25

26

27

28

                                          CASE NO. CV11-01742 GHK(AGR)
                AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Plaintiff Moldex-Metric, Inc. ("MOLDEX"), by and through its undersigned
2   attorneys, for its Amended Complaint against defendants McKeon Products, Inc.
3   ("MCKEON") and SWEDSAFE AB ("SWEDSAFE") (collectively
4   "DEFENDANTS"). alleges as follows:

5   **I.     THE PARTIES**

6   1.     Plaintiff MOLDEX is a California corporation with a principal place of
7   business at 10111 West Jefferson Boulevard, Culver City, California 90232.

8   2.     MOLDEX is informed and believes and thereon alleges that defendant
9   MCKEON is an Michigan corporation with a principal place of business at 25460
10  Guenther, Warren, MI 48091, and at all times relevant hereto was and is doing
11  business in the State of California sufficient to give rise to personal jurisdiction in
12  this forum.

13  3.     MOLDEX is informed and believes and thereon alleges that defendant
14  SWEDSAFE is a foreign company organized and existing under the laws of
15  Sweden, with a principal place of business at Pumpvagen 4, Hoor, Skane 243 93,
16  Sweden.  Moldex is informed and believes and thereon alleges that SWEDSAFE at
17  all times relevant hereto was and is doing business in the State of California by way
18  of its manufacturing, importing and sales of the Accused Earplug Products to
19  MCKEON for sale in the State of California, sufficient to give rise to personal
20  jurisdiction in this forum.

21  **II.    JURISDICTION AND VENUE**

22  4.     This Court has subject matter jurisdiction over this action under 28
23  U.S.C. § 1331  (federal question jurisdiction); 28 U.S.C. § 1332 (diversity
24  jurisdiction); 28 U.S.C. § 1338(a) and (b) because this action arises under the
25  Lanham Act (15 U.S.C. §§ 1051  – 1127); and 28 U.S.C. § 1367  (supplemental
26  jurisdiction).

27  5.     On information and belief, this Court has personal jurisdiction over
28  DEFENDANTS because they conduct business within the State of California and

1   have committed the acts of trademark and trade dress infringement and federal and
2   state unfair competition that have given rise to this action in this district.
3   DEFENDANTS have established minimum contacts with the forum such that the
4   exercise of jurisdiction over them would not offend traditional notions of fair play
5   and substantial justice.

6        6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)
7   because, on information and belief, Defendants conduct business within this judicial
8   district and/or a substantial part of the events giving rise to the alleged claims in this
9   action occurred in this judicial district.

10  **III.   FACTS COMMON TO ALL CLAIMS FOR RELIEF**

11       7.      Since 1982, MOLDEX has been engaged in the business of
12  manufacturing and selling earplugs.  Today, MOLDEX is one of the premier sellers
13  of foam earplug products throughout the world.  The very first foam earplug
14  MOLDEX began selling in 1982 was bright green in color.  For more than 28 years,
15  MOLDEX has continuously used a bright green color ("the Green Color Mark") to
16  identify its earplugs and to distinguish its earplug products from those made and
17  sold by others.  Today, MOLDEX sells disposable earplugs bearing the Green Color
18  Mark under the name "Pura-Fit®."

19       8.      MOLDEX's earplug products have a strong reputation in the industry
20  for being of extremely high quality.

21       9.      To create further public awareness of MOLDEX's Green Color Mark,
22  MOLDEX has expended substantial time, effort and money advertising and
23  promoting the Green Color Mark in conjunction with its Pura-Fit® disposable
24  earplug and other earplug products which incorporate the Green Color Mark, both
25  throughout the United States and around the world.

26       10.     As a result of MOLDEX's promotional and marketing efforts, the
27  Green Color Mark has become widely known and extremely valuable goodwill has
28  developed in it.  By virtue of this promotion and marketing, and the substantial sales

1   of the Pura-Fit® earplug and other earplug products bearing the Green Color Mark,

2   the Green Color Mark has become distinctive of MOLDEX's ear plug products and

3   is identified with MOLDEX's goodwill and reputation.

4        11.   MOLDEX is informed and believes and thereon alleges that

5   DEFENDANTS have for many years been in the business of manufacturing and

6   selling personal hearing protection products.

7        12.   MOLDEX is further recently informed and believes and thereon alleges

8   that within the past year MCKEON introduced and began selling bright green

9   disposable and reuseable earplugs under the name "Snore BLOCKERS Soft Foam

10   Earplugs." "HearPlugs Hi-Fidelity Earplugs," and "Shooters Corded Foam

11   Earplugs" (the "Accused Earplug Products") throughout the United States that are

12   intended to compete with MOLDEX's Pura-Fit® earplug and other earplug products

13   bearing the Green Color Mark.  MOLDEX is also informed and believes and

14   thereon alleges that SWEDSAFE manufactures, imports and sells the Accused

15   Earplug Products to MCKEON.

16        13.   MOLDEX is informed and believes and thereon alleges that

17   DEFENDANTS targeted MOLDEX's disposable and reusable earplug product line

18   because they know that MOLDEX's earplugs have a strong reputation in the

19   industry for being of extremely high quality and that DEFENDANTS chose to use a

20   mark and trade dress confusingly similar to MOLDEX's earplugs with which they

21   are now competing in order to trade on MOLDEX's goodwill by confusing the

22   marketplace into believing that their hearing protection line is manufactured by,

23   affiliated with or sponsored by MOLDEX.

24        14.   On information and belief, DEFENDANTS promote, market and

25   distribute their hearing protection line, including the Accused Earplug Products, in

26   the same marketing channels as MOLDEX.

27        15.   DEFENDANTS' promotion, importation, marketing and sale of the

28   Accused Earplug Products is causing and will continuing causing irreparable harm

CASE NO. CV11-01742 GHK(AGR)
AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  to MOLDEX's reputation and goodwill and to the value of MOLDEX's Green Color

2  Mark unless DEFENDANTS' conduct is enjoined.

3  ### FIRST CLAIM FOR RELIEF

4  ### (Federal Trademark Infringement and Unfair Competition)

5  16.     MOLDEX realleges and incorporates herein by reference paragraphs 1

6  through 15 of this Complaint.

7  17.     DEFENDANTS make, import, distribute, use, offer to sell and/or sell

8  in the United States, including this district, bright green earplugs that directly

9  infringe MOLDEX's Green Color Mark in violation of § 43(a) of the Lanham Act,

10  15 U.S.C. § 1125(a) and Federal Unfair Competition laws.

11  18.     MOLDEX has actively marketed, promoted, and continuously sold

12  earplugs with the Green Color Mark for more than 28 years such that it has become

13  distinctive of MOLDEX's goods.  DEFENDANTS have used MOLDEX's Green

14  Color Mark without its authorization and continue to trade off the goodwill and

15  reputation created and maintained by MOLDEX in the Green Color Mark.

16  19.     The contemporaneous use by DEFENDANTS of a bright green color

17  mark and trade dress for its earplugs will inevitably lead, if it has not already done

18  so, to confusion and mistake in the trade and deception of purchasers and to

19  confusion as to the origin, sponsorship or affiliation of DEFENDANTS' goods.

20  MOLDEX's customers may erroneously conclude that MOLDEX sponsors or is

21  responsible for DEFENDANTS' goods and those customers may have occasion to

22  purchase DEFENDANTS' goods erroneously, believing that MOLDEX's standards

23  of quality and service apply to those goods, thereby doing great and irreparable

24  harm to MOLDEX's reputation.

25  20.     The acts of DEFENDANTS set out above constitute a false

26  designation of origin, sponsorship and chain of distribution of such goods and a

27  false or misleading description or representation of those goods.

28

21.    By reason of the acts alleged herein, MOLDEX has suffered and will continue to suffer damage to their business, reputation and good will and monetary damages in an amount not yet determined.  DEFENDANTS' actions have caused, and unless DEFENDANTS are enjoined by this Court, their actions will continue to cause irreparable harm and injury to MOLDEX.  Accordingly, MOLDEX lacks an adequate remedy at law and it is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

22.    On information and belief, DEFENDANTS' conduct described herein is willful, wanton, malicious, oppressive and in conscious disregard of MOLDEX's rights in its Green Color Mark, and MOLDEX is entitled to damages pursuant to 15 U.S.C. § 1117, including DEFENDANTS' profits, MOLDEX's actual damages and the costs of this action, punitive and exemplary damages and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Dilution)

23.    MOLDEX realleges and incorporates herein by reference paragraphs 1 through 22 of this Complaint.

24.    DEFENDANTS make, import, distribute, use, offer to sell and/or sell in the United States, including this district, bright green earplugs that directly infringe MOLDEX's Green Color Mark in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(c).

25.    MOLDEX has extensively and continuously promoted and used its earplug products with the Green Color Mark in the United States and it has become a well-known, famous and distinctive indicator of the origin of MOLDEX's earplug products.

26.    DEFENDANTS' are making commercial use of a bright green mark and trade dress that dilutes and is likely to dilute the distinctiveness of the MOLDEX's Green Color Mark by eroding the public's exclusive identification of

the Green Color Mark with MOLDEX's earplug products and otherwise lessening the capacity of MOLDEX's Green Color Mark to identify and distinguish its earplug products and/or tarnishing and degrading the positive associations thereof.

27. By reason of DEFENDANTS' acts alleged herein, MOLDEX has suffered and will continue to suffer damage to its business, reputation and goodwill and dilution of the distinctiveness and value of MOLDEX's Green Color Mark, and monetary damages in an amount not yet determined. DEFENDANTS' actions have caused, and unless DEFENDANTS are enjoined by this Court their actions will continue to cause irreparable harm and injury to MOLDEX. Accordingly, MOLDEX is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

28. On information and belief, DEFENDANTS' infringement of MOLDEX's Green Color Mark has been and continues to be intentional, willful and malicious with the intent to trade on the goodwill and reputation associated with MOLDEX's Green Color Mark and/or to cause dilution of MOLDEX's Green Color Mark, to the irreparable injury of MOLDEX. MOLDEX is therefore entitled to damages pursuant to 15 U.S.C. § 1117, including DEFENDANTS' profits, MOLDEX's actual damages and the costs of this action, enhanced profits and damages and reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF

### (State Trademark Dilution)

29. MOLDEX realleges and incorporates herein by reference paragraphs 1 through 28 of this Complaint.

30. MOLDEX has extensively and continuously promoted and used its earplug products with the Green Color Mark in the United States and it has become a well-known, famous and distinctive indicator of the origin of MOLDEX'S earplug products.

31. DEFENDANTS are making commercial use of a bright green mark and trade dress that dilutes and is likely to dilute the distinctiveness of the MOLDEX's

1  Green Color Mark by eroding the public's exclusive identification of the Green

2  Color Mark with Moldex's earplug products and otherwise lessening the capacity of

3  MOLDEX's Green Color Mark to identify and distinguish its earplug products

4  and/or tarnishing and degrading the positive associations thereof.

5      32.    DEFENDANTS are causing and will continue to cause irreparable

6  injury to MOLDEX's goodwill and business reputation, and dilution of the

7  distinctiveness and value of MOLDEX's Green Color Mark in violation of

8  California's Model State Trademark Act, CAL. BUS. & PROF. CODE § 14200 *et*

9  *seq.*, as well as the anti-dilution laws, whether codified by statute or developed by

10  common law, of Alabama, ALA. CODE § 8-12-17 (2002); Alaska, ALASKA

11  STAT. § 45.50.180(d); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01;

12  Arkansas, A.C.A. §4-71-213; Connecticut, Connecticut Unfair Trade Practices Act

13  ("CUTPA"), CONN. GEN. STAT., §§ 42-110a, *et seq.*; Delaware, 6 DEL. C. §

14  3313; Florida, FLA. STAT. ANN § 495.151; Georgia, GA. CODE ANN. § 10-1-

15  451; Hawaii, HRS § 482-32; Idaho, I.C. § 48-513 (1996); Illinois, 765 ILC 1036/6l;

16  Indiana, IND. CODE § 24-2-1-13.5; Iowa, IOWA CODE ch. 548.113; Kansas,

17  K.S.A. § 81-214; Louisiana, LA. REV. STAT. ANN. 51:223.1; Maine, 10 M.R.S.A.

18  § 1530; Massachusetts, MASS. GEN. LAWS. ANN. ch. 110B, § 12; New Jersey,

19  N.J. STAT. ANN. 56:3-13.20; New York, N.Y. GEN. BUS. Law § 360-1;

20  Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124; Texas, TEX. BUS. & COM.

21  CODE ANN. § 16.29; and Washington, WASH. REV. CODE ANN. § 19.77.160.

22      33.    MOLDEX therefore is entitled to injunctive relief, damages and costs,

23  as well as, if appropriate, enhanced damages, and reasonable attorneys' fees.

24  **FOURTH CLAIM FOR RELIEF**

25  (**Common Law Trademark Infringement and Unfair Competition**)

26      34.    MOLDEX realleges and incorporates herein by reference paragraphs 1

27  through 33 of this Complaint.

28

35.    DEFENDANTS' acts alleged herein constitute unfair competition and infringement of MOLDEX's common law rights in its Green Color Mark.

36.    DEFENDANTS have caused, and is causing, monetary harm to MOLDEX.  In addition, and independently, DEFENDANTS have caused, and are causing, irreparable harm to MOLDEX, and unless permanently restrained by this Court, said irreparable injury will continue.

37.    On information and belief, DEFENDANTS' conduct described herein is willful, wanton, malicious, oppressive and in conscious disregard of MOLDEX's rights in its Green Color Mark, justifying the imposition of punitive and exemplary damages.

## FIFTH CLAIM FOR RELIEF
### (State Unfair Competition)

38.    MOLDEX realleges and incorporates herein by reference paragraphs 1 through 37 of this Complaint.

39.    MOLDEX is the exclusive owner of the common law trademark rights in the Green Color Mark.  No license or authorization has been granted to DEFENDANTS to use the Green Color Mark or any variations thereon.

40.    MOLDEX is informed and believes and thereon alleges that DEFENDANTS, with full knowledge of the public awareness and value of MOLDEX's Green Color Mark, have traded on the goodwill associated with the mark and have misled and will continue to mislead the public into assuming a connection between MOLDEX and DEFENDANTS' products by continuing to use MOLDEX's Green Color Mark for their products.  This conduct has caused and will continue to cause irreparable damage to MOLDEX's goodwill and reputation and unjustly enrich DEFENDANTS.

41.    By falsely suggesting a connection with or sponsorship by MOLDEX, DEFENDANTS' use of the Green Color Mark has caused and is likely to cause confusion or misunderstanding as to the source, sponsorship, or approval of

1  DEFENDANTS' goods by MOLDEX or as to DEFENDANTS' affiliation,

2  connection, or association with MOLDEX, and otherwise damage the public.

3      42.  DEFENDANTS' conduct constitutes unfair competition and deceptive

4  acts or practices in the course of a business, trade, or commerce in violation of the

5  laws of California, CAL. BUS. & PROF. CODE § 17200 *et seq.*; and Alabama, ALA.

6  CODE §§ 8-10-1 *et seq.* (2002); Alaska, ALASKA STAT. 45.50.471 *et seq.*; Arizona,

7  A.R.S. 44-1521 *et seq.*; Arkansas, A.C.A. § 4-75-201 *et seq.*; Colorado, COLO. REV.

8  STAT §§ 66-2-101 *et seq.*; Connecticut, Connecticut Unfair Trade Practices Act

9  ("CUTPA"), CONN. GEN. STAT., §§42-110a *et seq.*; Delaware, 6 DEL. C. §§ 2511 -

10 27; Florida, FLA. STAT. §§501.201 -213; Georgia, O.C.G.A. §§ 10-1-390 through

11 10-1-407; Hawaii, HRS § 480 *et seq.*; Idaho, I.C. §§ 48-601 *et seq.* (1979); Illinois,

12 815 ILL. COMP. STAT. ANN. 505/1 *et seq.*; Indiana, IND. CODE §§ 24-5-0.5-1 *et*

13 *seq.*; Kansas, K.S.A. §§ 500-623 *et seq.*; Kentucky, K.R.S. ch. 365 *et seq.*;

14 Louisiana, LA. REV. STAT. ANN. 51:1401 -1419; Maine, 5 M.R.S.A. §§ 206- 214;

15 Maryland, MD. COM. LAW CODE ANN. §§ 13-301 *et seq.* (2005); Massachusetts,

16 MASS. LAWS ANN. CH. 93A, §§1-11; Michigan, MICH. COMP. LAWS ANN. §§

17 445.901 *et seq.*; Minnesota, MINN. STAT. ANN. §§ 325D.09 -325DD.16, 325F.68 -

18 325F.70; Nebraska, NEB. REV. STAT. §§ 59-1601 through 1623; Nevada, NEV. REV.

19 STAT. §§ 598.0903 to 598.990, 598.A.010 to 280; New Hampshire, N.H. REV. STAT.

20 ANN. § 358-A; New Jersey, N.J. STAT. ANN. §§ 56:4-1 to -2, 56:8-1 to -166; New

21 Mexico, N.M. STAT. ANN. § 57-12-2; New York, N.Y. GEN. BUS. L. § 349; North

22 Carolina, N.C. GEN. STAT. §75-1.1; North Dakota, N.D. CENT. CODE § 51-10;

23 South Carolina, S.C. CODE ANN. §§ 39-5-10 through 39-5-560; South Dakota, S.D.

24 CODIFIED LAWS § 37-24-6 ; Tennessee, TENN. CODE ANN. §§ 47-18-101, *et seq.*;

25 Utah, UTAH CODE ANN. § 13-5—1, *et seq.*; Vermont, VT. STAT. ANN. TIT. 9, §§

26 2451 -2480n; Washington, WASH. REV. CODE § 19.86.010; Wisconsin, WIS.

27 STAT. § 100.20; the Colorado Consumer Protection Act, COLO. REV. STAT. § 6-1-

28 105, *et seq.*, and the unfair and deceptive trade practices statutes of other states,

CASE NO. CV11-01742 GHK(AGR)
AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  including Delaware, DEL. CODE ANN. TIT. 6, §§ 2531 -36; Georgia, GA. CODE

2  ANN. §§ 10-1-370 to 10-1-375; Hawaii, HAW. REV. STAT. § 481 -A; Illinois, 815

3  ILL. COMP. ANN. 510/1 TO 510/7; Kentucky, KY. REV. STAT. ANN. §§ 367.10,

4  367.175; Maine, ME. REV. STAT. TIT. 10, §§ 1211-1216; Minnesota, MINN. STAT.

5  ANN. §§ 325D.43 -325D.48; Nebraska, NEB. REV. STAT. §§ 87-301 – 87-306; Ohio,

6  OHIO REV. CODE ANN. §§ 4165.01 to 4165.04; Oklahoma, OKLA. STAT. TIT. 78,

7  § 75-1-1; and Rhode Island, R.I. GEN. LAWS §§ 6-13.1-1 through 6-13.1-19.

8     43.    DEFENDANTS have caused, and are causing, monetary harm to

9  MOLDEX.  In addition, and independently, DEFENDANTS have caused, and are

10  causing, irreparable harm to MOLDEX, and unless permanently restrained by this

11  Court, said irreparable injury will continue.

12     44.    On information and belief, DEFENDANTS' conduct described herein

13  is willful, wanton, malicious, oppressive and in conscious disregard of MOLDEX's

14  rights in its Green Color Mark, justifying the imposition of punitive and exemplary

15  damages.

16                    **PRAYER FOR RELIEF**

17     WHEREFORE, MOLDEX prays as follows:

18     45.    For injunctive relief, as provided for in 15 U.S.C. §1116 , namely for

19  temporary, preliminary and permanent injunctive relief preventing DEFENDANTS

20  and their officers, agents, affiliates, servants, employees, and attorneys, and all those

21  persons acting or attempting to act in concert or participation with them, from

22  directly or indirectly:

23         a)    manufacturing, advertising, promoting, marketing, importing or

24  selling the Accused Earplug Products or any other product bearing any mark or

25  trade dress confusingly similar to MOLDEX's Green Color Mark.

26         b)    using any false designation of origin or false description,

27  including the appearance of the Accused Earplug Products, that can, or is likely to,

28  lead the consuming public, or individual members thereof, to believe that any goods

-11-                   CASE NO. CV11-01742 GHK(AGR)
AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  produced, advertised, promoted, marketed, provided, imported or sold by

2  DEFENDANTS are in any manner associated or connected with MOLDEX, or are

3  advertised, promoted, imported, marketed, sold, licensed, sponsored, approved or

4  authorized by MOLDEX;

5           c)       using any mark, trade dress, design, or source designation of any

6  kind on or in connection with DEFENDANTS' earplug products that dilutes or is

7  likely to dilute the distinctiveness of MOLDEX's Green Color Mark; and

8           d)       unfairly competing with MOLDEX in any manner whatsoever.

9     46.    For an order, as provided for in 15 U.S.C. §1118, requiring that all

10  materials bearing and used to produce the infringing mark and trade dress be

11  delivered up and destroyed, and requiring DEFENDANTS to withdraw from the

12  market all infringing products and advertising and promotional material displaying

13  the infringing products.

14    47.    For an order directing DEFENDANTS to file with the Court and serve

15  upon MOLDEX's counsel within thirty (30) days after entry of the order of

16  injunction, a report setting forth the manner and form in which DEFENDANTS

17  have complied with the injunction, including the provision relating to destruction

18  and recall of infringing products and materials.

19    48.    For an order requiring DEFENDANTS to account to MOLDEX for any

20  and all profits derived by DEFENDANTS from the marketing and sale of products

21  bearing MOLDEX's Green Color Mark.

22    49.    For judgment for actual compensatory damages to be proven at the time

23  of trial as provided for in 15 U.S.C. §1117 and applicable state law, including

24  DEFENDANTS' profits or gains of any kind resulting from their acts of

25  infringement, dilution and unfair competition.

26    50.    For judgment of enhanced damages for DEFENDANTS' willful

27  infringement and dilution, as provided for in 15 U.S.C. §1117, including an award

28  of treble damages, and for punitive and exemplary damages as appropriate.

51. For MOLDEX's attorneys' fees and costs of this action as provided for in 15 U.S.C. §1117.

52. For such further and additional relief as the Court may deem just and proper, including pre and post judgment interest.

DATED: September 2, 2011        QUINN EMANUEL URQUHART &
                               SULLIVAN LLP


                               By /s/ Joseph M. Paunovich
                                  Harold A. Barza
                                  Joseph M. Paunovich
                                  Attorneys for Plaintiff
                                  MOLDEX-METRIC, INC.


## DEMAND FOR JURY TRIAL

Plaintiff MOLDEX hereby demands a trial by jury of all issues triable by jury.

DATED: September 2, 2011        QUINN EMANUEL URQUHART &
                               SULLIVAN LLP


                               By /s/ Joseph M. Paunovich
                                  Harold A. Barza
                                  Joseph M. Paunovich
                                  Attorneys for Plaintiff
                                  MOLDEX-METRIC, INC.