SEDGWICK LLP
Robert F. Helfing (Bar No. 090418)
robert.helfing@sedgwicklaw.com
Heather L. McCloskey (Bar No. 193239)
heather.mccloskey@sedgwicklaw.com
801 South Figueroa Street, 19th Floor
Los Angeles, CA  90017-5556
Telephone:  (213) 426-6900
Facsimile:  (213) 426-6921

Attorneys for Defendant
McKEON PRODUCTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOLDEX-METRIC, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>McKEON PRODUCTS, INC., a Michigan corporation,<br><br>Defendants. | Case No. CV11-01742 GHK (AGRx)<br><br>**ANSWER OF DEFENDANT McKEON PRODUCTS, INC. TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant McKeon Products, Inc. answers the Amended Complaint as follows:

1. Defendant admits each and every allegation of ¶ 1.

2. Defendant admits each allegation of ¶ 2.

3. Defendant lacks sufficient information and belief to admit or deny the allegations in ¶3 and on that basis denies them.

4. Defendant admits each allegation of ¶ 4.

5. Defendant admits that this Court has personal jurisdiction over itself, that it conducts business in the State of California and that it has established minimum contact with the State of California.  Except as expressly admitted, defendant denies generally and specifically each allegation of ¶ 5.

1

6. Defendant admits each allegation of ¶ 6.

7. Defendant denies that Moldex has ever used a bright green color to identify its earplugs or to distinguish them from others, and further denies that any shade of green used by Moldex is a trademark. Defendant is without sufficient information or belief to admit or deny any other allegations of ¶ 7 and, on that basis, denies generally and specifically each such allegation.

8. Defendant denies generally and specifically each and every allegation of ¶ 8.

9. Defendant denies generally and specifically each and every allegation of ¶ 9.

10. Defendant denies generally and specifically each and every allegation of ¶ 10.

11. Defendant admits the allegations as to defendant McKeon and denies the remaining allegations in ¶ 11.

12. Defendant admits that it marketed and sold the accused products, but denies that the accused products were all introduced in the past year. Defendant denies generally and specifically each and every other allegation of ¶ 12.

13. Defendant denies generally and specifically each and every allegation of ¶ 13.

14. Defendant is without sufficient information or belief to admit or deny the allegations of ¶ 14 and, on that basis, denies generally and specifically each such allegation.

15. Defendant denies generally and specifically each and every allegation of ¶ 15.

16. Defendant incorporates herein each response to ¶¶ 1 – 15, and reasserts each such response in response to ¶ 16.

17. Defendant denies generally and specifically each and every allegation of ¶ 17.

LA/1112618v1

18. Defendant denies generally and specifically each and every allegation of ¶ 18.

19. Defendant denies generally and specifically each and every allegation of ¶ 19.

20. Defendant denies generally and specifically each and every allegation of ¶ 20.

21. Defendant denies generally and specifically each and every allegation of ¶ 21.

22. Defendant denies generally and specifically each and every allegation of ¶ 22.

23. Defendant incorporates herein each response to ¶¶ 1 – 22, and reasserts each such response in response to ¶ 23.

24. Defendant denies generally and specifically each and every allegation of ¶ 24.

25. Defendant denies generally and specifically each and every allegation of ¶ 25.

26. Defendant denies generally and specifically each and every allegation of ¶ 26.

27. Defendant denies generally and specifically each and every allegation of ¶ 27.

28. Defendant denies generally and specifically each and every allegation of ¶ 28.

29. Defendant incorporates herein each response to ¶¶ 1 – 28, and reasserts each such response in response to ¶ 29.

30. Defendant denies generally and specifically each and every allegation of ¶ 30.

31. Defendant denies generally and specifically each and every allegation of ¶ 31.

32. Defendant denies generally and specifically each and every allegation of ¶ 32.

33. Defendant denies generally and specifically each and every allegation of ¶ 33.

34. Defendant incorporates herein each response to ¶¶ 1 – 33, and reasserts each such response in response to ¶ 34.

35. Defendant denies generally and specifically each and every allegation of ¶ 35.

36. Defendant denies generally and specifically each and every allegation of ¶ 36.

37. Defendant denies generally and specifically each and every allegation of ¶ 37.

38. Defendant incorporates herein each response to ¶¶ 1 – 37, and reasserts each such response in response to ¶ 38.

39. Defendant admits that Moldex has granted no license or permission for McKeon to market earplugs bearing any shade of green. Defendant denies generally and specifically each and every other allegation of ¶ 39, and in particular denies that Moldex has any proprietary rights in any shade of green for earplugs and further denies that McKeon needs a license or permission from Moldex in order to lawfully market earplugs bearing any shade of green.

40. Defendant denies generally and specifically each and every allegation of ¶ 40.

41. Defendant denies generally and specifically each and every allegation of ¶ 41, and in particular denies that it has suggested a connection with or sponsorship by Moldex by marketing earplugs bearing the color green, or by any other action.

42. Defendant denies generally and specifically each and every allegation of ¶ 42.

LA/1112618v1

43. Defendant denies generally and specifically each and every allegation of ¶ 43.

44. Defendant denies generally and specifically each and every allegation of ¶ 44.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

45. The claims for relief fail to state facts sufficient to support a claim.

### SECOND AFFIRMATIVE DEFENSE

46. The claims for relief are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

47. The claims for relief are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

48. The claims for relief are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

49. The claims for relief are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

50. The claims for relief, or one or more remedies, are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

51. The remedies sought by the claims for relief are limited or precluded by its failure to mitigate its losses.

### EIGHTH AFFIRMATIVE DEFENSE

52. Plaintiff is not entitled to any recovery against defendant because any harm incurred by plaintiff was the result of conduct by third parties for whom defendant was not responsible.

LA/1112618v1

### NINTH AFFIRMATIVE DEFENSE

53. Plaintiff is not entitled to any recovery against defendant because plaintiff caused or contributed to the alleged injuries or damages by its own negligent, intentional, willful or bad faith conduct.

### TENTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims are barred because plaintiff has misused its intellectual property rights.

WHEREFORE, defendant prays for judgment on the Complaint as follows:

1. That plaintiff take nothing by way of the Complaint;
2. For costs of suit and attorneys' fees incurred herein; and
3. For such other and further relief as this Court deems just and proper.

Dated: September 15, 2011        SEDGWICK LLP

By: */s/ Heather L. McCloskey*
    Robert F. Helfing
    Heather L. McCloskey
    Attorneys for Defendant
    McKEON PRODUCTS, INC.

LA/1112618v1

## **DEMAND FOR JURY TRIAL**

Defendants demand a jury trial on all issues so triable.

Dated: September 15, 2011          SEDGWICK LLP

By: */s/ Heather L. McCloskey*
    Robert F. Helfing
    Heather L. McCloskey
    Attorneys for Defendant
    McKEON PRODUCTS, INC.

LA/1112618v1

7