**CONFORMED**

1  QUINN EMANUEL URQUHART & SULLIVAN LLP
    Harold A. Barza (Bar No. 080888)
2   halbarza@quinnemanuel.com
    Joseph M. Paunovich (Bar No. 228222)
3   joepaunovich@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
4  Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
5  Facsimile:  (213) 443-3100

6  Attorneys for Plaintiff Moldex-Metric, Inc.

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11

12  | MOLDEX-METRIC, INC., a California | CASE NO. CV11-01742 GHK (AGR) |
13  | corporation, | |
    | | SECOND AMENDED COMPLAINT |
14  | Plaintiff, | FOR: |
15  | vs. | (1) FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION |
16  | MCKEON PRODUCTS, INC., a | |
    | Michigan Corporation, | (2) FEDERAL TRADEMARK DILUTION |
17  | Defendant. | |
18  | | (3) STATE TRADEMARK DILUTION |
19  | | (4) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION |
20  | | |
21  | | (5) STATE UNFAIR COMPETITION |
22  | | DEMAND FOR JURY TRIAL |
23
24
25
26
27
28

2012 MAR 16  PM 3:45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:___

FILED

1  Plaintiff Moldex-Metric, Inc. ("MOLDEX"), by and through its undersigned
2  attorneys, for its Amended Complaint against defendant McKeon Products, Inc.
3  ("DEFENDANT") alleges as follows:

4  **I.    THE PARTIES**

5  1.    Plaintiff MOLDEX is a California corporation with a principal place of
6  business at 10111 West Jefferson Boulevard, Culver City, California 90232.

7  2.    MOLDEX is informed and believes and thereon alleges that defendant
8  MCKEON is an Michigan corporation with a principal place of business at 25460
9  Guenther, Warren, MI 48091, and at all times relevant hereto was and is doing
10  business in the State of California sufficient to give rise to personal jurisdiction in
11  this forum.

12  **II.    JURISDICTION AND VENUE**

13  3.    This Court has subject matter jurisdiction over this action under 28
14  U.S.C. § 1331  (federal question jurisdiction); 28 U.S.C. § 1332 (diversity
15  jurisdiction); 28 U.S.C. § 1338(a) and (b) because this action arises under the
16  Lanham Act (15 U.S.C. §§ 1051 – 1127); and 28 U.S.C. § 1367  (supplemental
17  jurisdiction).

18  4.    On information and belief, this Court has personal jurisdiction over
19  DEFENDANT because it conducts business within the State of California and has
20  committed the acts of trademark and trade dress infringement and federal and state
21  unfair competition that have given rise to this action in this district.  DEFENDANT
22  has established minimum contacts with the forum such that the exercise of
23  jurisdiction over them would not offend traditional notions of fair play and
24  substantial justice.

25  5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)
26  because, on information and belief, Defendant conducts business within this judicial
27  district and/or a substantial part of the events giving rise to the alleged claims in this
28  action occurred in this judicial district.

### III.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.     Since 1982, MOLDEX has been engaged in the business of manufacturing and selling earplugs.  Today, MOLDEX is one of the premier sellers of foam earplug products throughout the world.  The very first foam earplug MOLDEX began selling in 1982 was bright green in color.  For more than 28 years, MOLDEX has continuously used a bright green color ("the Green Color Mark") to identify its earplugs and to distinguish its earplug products from those made and sold by others.  Today, MOLDEX sells disposable earplugs bearing the Green Color Mark under the name "Pura-Fit®."

7.     MOLDEX's earplug products have a strong reputation in the industry for being of extremely high quality.

8.     To create further public awareness of MOLDEX's Green Color Mark, MOLDEX has expended substantial time, effort and money advertising and promoting the Green Color Mark in conjunction with its Pura-Fit® disposable earplug and other earplug products which incorporate the Green Color Mark, both throughout the United States and around the world.

9.     As a result of MOLDEX's promotional and marketing efforts, the Green Color Mark has become widely known and extremely valuable goodwill has developed in it.  By virtue of this promotion and marketing, and the substantial sales of the Pura-Fit® earplug and other earplug products bearing the Green Color Mark, the Green Color Mark has become distinctive of MOLDEX's ear plug products and is identified with MOLDEX's goodwill and reputation.

10.     MOLDEX is informed and believes and thereon alleges that DEFENDANT has for many years been in the business of manufacturing and selling personal hearing protection products.

11.     MOLDEX is further recently informed and believes and thereon alleges that DEFENDANT recently introduced and began selling bright green disposable earplugs under the name "Snore BLOCKERS Soft Foam Earplugs" and "Shooters

1   Corded Foam Earplugs" (the "Accused Earplug Products") throughout the United
2   States that are intended to compete with MOLDEX's Pura-Fit® earplug and other
3   earplug products bearing the Green Color Mark.

4         12.   MOLDEX is informed and believes and thereon alleges that
5   DEFENDANT targeted MOLDEX's disposable and reusable earplug product line
6   because it knows that MOLDEX's earplugs have a strong reputation in the industry
7   for being of extremely high quality and that DEFENDANT chose to use a mark and
8   trade dress confusingly similar to MOLDEX's earplugs with which they are now
9   competing in order to trade on MOLDEX's goodwill by confusing the marketplace
10   into believing that their hearing protection line is manufactured by, affiliated with or
11   sponsored by MOLDEX.

12         13.   On information and belief, DEFENDANT promotes, markets and
13   distributes its hearing protection line, including the Accused Earplug Products, in
14   the same marketing channels as MOLDEX.

15         14.   DEFENDANT's promotion, importation, marketing and sale of the
16   Accused Earplug Products is causing and will continue causing irreparable harm to
17   MOLDEX's reputation and goodwill and to the value of MOLDEX's Green Color
18   Mark unless DEFENDANT's conduct is enjoined.

19                        **FIRST CLAIM FOR RELIEF**
20        **(Federal Trademark Infringement and Unfair Competition)**

21         15.   MOLDEX realleges and incorporates herein by reference paragraphs 1
22   through 14 of this Complaint.

23         16.   DEFENDANT makes, imports, distributes, uses, offers to sell and/or
24   sells in the United States, including this district, bright green earplugs that directly
25   infringe MOLDEX's Green Color Mark in violation of § 43(a) of the Lanham Act,
26   15 U.S.C. § 1125(a) and Federal Unfair Competition laws.

27         17.   MOLDEX has actively marketed, promoted, and continuously sold
28   earplugs with the Green Color Mark for more than 28 years such that it has become

1  distinctive of MOLDEX's goods.  DEFENDANT has used MOLDEX's Green Color

2  Mark without its authorization and continues to trade off the goodwill and reputation

3  created and maintained by MOLDEX in the Green Color Mark.

4       18.    DEFENDANT's contemporaneous use of a bright green color mark

5  and trade dress for its earplugs will inevitably lead, if it has not already done so, to

6  confusion and mistake in the trade and deception of purchasers and to confusion as

7  to the origin, sponsorship or affiliation of DEFENDANT's goods.  MOLDEX's

8  customers may erroneously conclude that MOLDEX sponsors or is responsible for

9  DEFENDANT's goods and those customers may have occasion to purchase

10  DEFENDANT's goods erroneously, believing that MOLDEX's standards of quality

11  and service apply to those goods, thereby doing great and irreparable harm to

12  MOLDEX's reputation.

13       19.    The acts of DEFENDANT set out above constitute a false designation

14  of origin, sponsorship and chain of distribution of such goods and a false or

15  misleading description or representation of those goods.

16       20.    By reason of the acts alleged herein, DEFENDANT's actions have

17  caused, and unless DEFENDANT is enjoined by this Court, its actions will continue

18  to cause irreparable harm and injury to MOLDEX's business, reputation and

19  goodwill.  Accordingly, MOLDEX lacks an adequate remedy at law and it is

20  entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

21       21.    On information and belief, DEFENDANT's conduct described herein is

22  willful, wanton, malicious, oppressive and in conscious disregard of MOLDEX's

23  rights in its Green Color Mark, and MOLDEX is entitled to costs and reasonable

24  attorneys' fees.

25                  **SECOND CLAIM FOR RELIEF**

26                  **(Federal Trademark Dilution)**

27       22.    MOLDEX realleges and incorporates herein by reference paragraphs 1

28  through 21 of this Complaint.

1    23.   DEFENDANT makes, imports, distributes, uses, offers to sell and/or

2 sells in the United States, including this district, bright green earplugs that directly

3 infringe MOLDEX's Green Color Mark in violation of § 43(a) of the Lanham Act,

4 15 U.S.C. § 1125(c).

5    24.   MOLDEX has extensively and continuously promoted and used its

6 earplug products with the Green Color Mark in the United States and it has become

7 a well-known, famous and distinctive indicator of the origin of MOLDEX's earplug

8 products.

9    25.   DEFENDANT is making commercial use of a bright green mark and

10 trade dress that dilutes and is likely to dilute the distinctiveness of the MOLDEX's

11 Green Color Mark by eroding the public's exclusive identification of the Green

12 Color Mark with MOLDEX's earplug products and otherwise lessening the capacity

13 of MOLDEX's Green Color Mark to identify and distinguish its earplug products

14 and/or tarnishing and degrading the positive associations thereof.

15    26.   By reason of DEFENDANT's acts alleged herein, MOLDEX has

16 suffered and will continue to suffer damage to its business, reputation and goodwill

17 and dilution of the distinctiveness and value of MOLDEX's Green Color Mark.

18 DEFENDANT's actions have caused, and unless DEFENDANT is enjoined by this

19 Court its actions will continue to cause irreparable harm and injury to MOLDEX.

20 Accordingly, MOLDEX is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

21    27.   On information and belief, DEFENDANT's infringement of

22 MOLDEX's Green Color Mark has been and continues to be intentional, willful and

23 malicious with the intent to trade on the goodwill and reputation associated with

24 MOLDEX's Green Color Mark and/or to cause dilution of MOLDEX's Green Color

25 Mark, to the irreparable harm and injury of MOLDEX.  MOLDEX therefore is

26 entitled to injunctive relief.

27 **THIRD CLAIM FOR RELIEF**

28 **(State Trademark Dilution)**

1      28.   MOLDEX realleges and incorporates herein by reference paragraphs 1

2 through 27 of this Complaint.

3      29.   MOLDEX has extensively and continuously promoted and used its

4 earplug products with the Green Color Mark in the United States and it has become

5 a well-known, famous and distinctive indicator of the origin of MOLDEX'S earplug

6 products.

7      30.   DEFENDANT is making commercial use of a bright green mark and

8 trade dress that dilutes and is likely to dilute the distinctiveness of MOLDEX's

9 Green Color Mark by eroding the public's exclusive identification of the Green

10 Color Mark with MOLDEX's earplug products and otherwise lessening the capacity

11 of MOLDEX's Green Color Mark to identify and distinguish its earplug products

12 and/or tarnishing and degrading the positive associations thereof.

13      31.   DEFENDANT is causing and will continue to cause irreparable injury

14 to MOLDEX's goodwill and business reputation, and dilution of the distinctiveness

15 and value of MOLDEX's Green Color Mark in violation of California's Model State

16 Trademark Act, CAL. BUS. & PROF. CODE § 14200 et seq., as well as the anti-

17 dilution laws, whether codified by statute or developed by common law, of

18 Alabama, ALA. CODE § 8-12-17 (2002); Alaska, ALASKA STAT. § 45.50.180(d);

19 Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01; Arkansas, A.C.A. §4-71-213;

20 Connecticut, Connecticut Unfair Trade Practices Act ("CUTPA"), CONN. GEN.

21 STAT., §§ 42-110a, et seq.; Delaware, 6 DEL. C. § 3313; Florida, FLA. STAT.

22 ANN § 495.151; Georgia, GA. CODE ANN. § 10-1-451; Hawaii, HRS § 482-32;

23 Idaho, I.C. § 48-513 (1996); Illinois, 765 ILC 1036/6l; Indiana, IND. CODE § 24-2-

24 1-13.5; Iowa, IOWA CODE ch. 548.113; Kansas, K.S.A. § 81-214; Louisiana, LA.

25 REV. STAT. ANN. 51:223.1; Maine, 10 M.R.S.A. § 1530; Massachusetts, MASS.

26 GEN. LAWS. ANN. ch. 110B, § 12; New Jersey, N.J. STAT. ANN. 56:3-13.20;

27 New York, N.Y. GEN. BUS. Law § 360-1;  Pennsylvania, 54 PA. CONS. STAT.

28

1  ANN. § 1124; Texas, TEX. BUS. & COM. CODE ANN. § 16.29; and Washington,

2  WASH. REV. CODE ANN. § 19.77.160.

3       32.    MOLDEX therefore is entitled to injunctive relief.

4  **FOURTH CLAIM FOR RELIEF**

5  **(Common Law Trademark Infringement and Unfair Competition)**

6       33.    MOLDEX realleges and incorporates herein by reference paragraphs 1

7  through 32 of this Complaint.

8       34.    DEFENDANT's acts alleged herein constitute unfair competition and

9  infringement of MOLDEX's common law rights in its Green Color Mark.

10       35.    DEFENDANT has caused, and is causing, irreparable harm to

11  MOLDEX, and unless permanently restrained by this Court, said irreparable injury

12  will continue.

13  **FIFTH CLAIM FOR RELIEF**

14  **(State Unfair Competition)**

15       36.    MOLDEX realleges and incorporates herein by reference paragraphs 1

16  through 35 of this Complaint.

17       37.    MOLDEX is the exclusive owner of the common law trademark rights

18  in the Green Color Mark.  No license or authorization has been granted to

19  DEFENDANT to use the Green Color Mark or any variations thereon.

20       38.    MOLDEX is informed and believes and thereon alleges that

21  DEFENDANT, with full knowledge of the public awareness and value of

22  MOLDEX's Green Color Mark, has traded on the goodwill associated with the mark

23  and has misled and will continue to mislead the public into assuming a connection

24  between MOLDEX and DEFENDANT's products by continuing to use MOLDEX's

25  Green Color Mark for its products.  This conduct has caused and will continue to

26  cause irreparable damage to MOLDEX's goodwill and reputation and unjustly

27  enrich DEFENDANT.

28

39.    By falsely suggesting a connection with or sponsorship by MOLDEX, DEFENDANT's use of the Green Color Mark has caused and is likely to cause confusion or misunderstanding as to the source, sponsorship, or approval of DEFENDANT's goods by MOLDEX or as to DEFENDANT's affiliation, connection, or association with MOLDEX, and otherwise damage the public.

40.    DEFENDANT's conduct constitutes unfair competition and deceptive acts or practices in the course of a business, trade, or commerce in violation of the laws of California, CAL. BUS. & PROF. CODE § 17200 *et seq.*; and Alabama, ALA. CODE §§ 8-10-1 *et seq.* (2002); Alaska, ALASKA STAT. 45.50.471 *et seq.*; Arizona, A.R.S. 44-1521 *et seq.*; Arkansas, A.C.A. § 4-75-201 *et seq.*; Colorado, COLO. REV. STAT §§ 66-2-101 *et seq.*; Connecticut, Connecticut Unfair Trade Practices Act ("CUTPA"), CONN. GEN. STAT., §§42-110a *et seq.*; Delaware, 6 DEL. C. §§ 2511 - 27; Florida, FLA. STAT. §§501.201 -213; Georgia, O.C.G.A. §§ 10-1-390 through 10-1-407; Hawaii, HRS § 480 *et seq.*; Idaho, I.C. §§ 48-601 *et seq.* (1979); Illinois, 815 ILL. COMP. STAT. ANN. 505/1 *et seq.*; Indiana, IND. CODE §§ 24-5-0.5-1 *et seq.*; Kansas, K.S.A. §§ 500-623 *et seq.*; Kentucky, K.R.S. ch. 365 *et seq.*; Louisiana, LA. REV. STAT. ANN. 51:1401 -1419; Maine, 5 M.R.S.A. §§ 206- 214; Maryland, MD. COM. LAW CODE ANN. §§ 13-301 *et seq.* (2005); Massachusetts, MASS. LAWS ANN. CH. 93A, §§1-11; Michigan, MICH. COMP. LAWS ANN. §§ 445.901 *et seq.*; Minnesota, MINN. STAT. ANN. §§ 325D.09 -325DD.16, 325F.68 - 325F.70; Nebraska, NEB. REV. STAT. §§ 59-1601 through 1623; Nevada, NEV. REV. STAT. §§ 598.0903 to 598.990, 598.A.010 to 280; New Hampshire, N.H. REV. STAT. ANN. § 358-A; New Jersey, N.J. STAT. ANN. §§ 56:4-1 to -2, 56:8-1 to -166; New Mexico, N.M. STAT. ANN. § 57-12-2; New York, N.Y. GEN. BUS. L. § 349; North Carolina, N.C. GEN. STAT. §75-1.1; North Dakota, N.D. CENT. CODE § 51-10; South Carolina, S.C. CODE ANN. §§ 39-5-10 through 39-5-560; South Dakota, S.D. CODIFIED LAWS § 37-24-6 ; Tennessee, TENN. CODE ANN. §§ 47-18-101, *et seq.*; Utah, UTAH CODE ANN. § 13-5—1, *et seq.*; Vermont, VT. STAT. ANN. TIT. 9, §§

1  2451 -2480n; Washington, WASH. REV. CODE § 19.86.010; Wisconsin, WIS.

2  STAT. § 100.20; the Colorado Consumer Protection Act, COLO. REV. STAT. § 6-1-

3  105, *et seq.*, and the unfair and deceptive trade practices statutes of other states,

4  including Delaware, DEL. CODE ANN. TIT. 6, §§ 2531 -36; Georgia, GA. CODE

5  ANN. §§ 10-1-370 to 10-1-375; Hawaii, HAW. REV. STAT. § 481 -A; Illinois, 815

6  ILL. COMP. ANN. 510/1 TO 510/7; Kentucky, KY. REV. STAT. ANN. §§ 367.10,

7  367.175; Maine, ME. REV. STAT. TIT. 10, §§ 1211-1216; Minnesota, MINN. STAT.

8  ANN. §§ 325D.43 -325D.48; Nebraska, NEB. REV. STAT. §§ 87-301 – 87-306; Ohio,

9  OHIO REV. CODE ANN. §§ 4165.01 to 4165.04; Oklahoma, OKLA. STAT. TIT. 78,

10  § 75-1-1; and Rhode Island, R.I. GEN. LAWS §§ 6-13.1-1 through 6-13.1-19.

11      41.    DEFENDANT has caused, and is causing, irreparable harm to

12  MOLDEX, and unless permanently restrained by this Court, said irreparable injury

13  will continue.

14                      **PRAYER FOR RELIEF**

15      WHEREFORE, MOLDEX prays as follows:

16      42.    For injunctive relief, as provided for in 15 U.S.C. §1116 , namely for

17  permanent injunctive relief preventing DEFENDANT and its officers, agents,

18  affiliates, servants, employees, and attorneys, and all those persons acting or

19  attempting to act in concert or participation with it, from directly or indirectly:

20          a)    manufacturing, advertising, promoting, marketing, importing or

21  selling the Accused Earplug Products or any other product bearing any mark or

22  trade dress confusingly similar to MOLDEX's Green Color Mark.

23          b)    using any false designation of origin or false description,

24  including the appearance of the Accused Earplug Products, that can, or is likely to,

25  lead the consuming public, or individual members thereof, to believe that any goods

26  produced, advertised, promoted, marketed, provided, imported or sold by

27  DEFENDANT are in any manner associated or connected with MOLDEX, or are

28

advertised, promoted, imported, marketed, sold, licensed, sponsored, approved or authorized by MOLDEX;

        c)    using any mark, trade dress, design, or source designation of any kind on or in connection with DEFENDANT's earplug products that dilutes or is likely to dilute the distinctiveness of MOLDEX's Green Color Mark; and

        d)    unfairly competing with MOLDEX in any manner whatsoever.

43.    For an order, as provided for in 15 U.S.C. §1118, requiring that all materials bearing and used to produce the infringing mark and trade dress be delivered up and destroyed, and requiring DEFENDANT to withdraw from the market all infringing products and advertising and promotional material displaying the infringing products.

44.    For an order directing DEFENDANT to file with the Court and serve upon MOLDEX's counsel within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which DEFENDANT has complied with the injunction, including the provision relating to destruction and recall of infringing products and materials.

45.    For MOLDEX's attorneys' fees and costs of this action as provided for in 15 U.S.C. §1117.


DATED:  March 16, 2012        QUINN EMANUEL URQUHART &
                                   SULLIVAN LLP


                            By  /s/ Joseph M. Paunovich
                              Harold A. Barza
                              Joseph M. Paunovich
                              Attorneys for Plaintiff
                              MOLDEX-METRIC, INC.

1

2                          **<u>DEMAND FOR JURY TRIAL</u>**

3            Plaintiff MOLDEX hereby demands a trial by jury of all issues triable by

4    jury.

5

6    DATED: March 16, 2012             QUINN EMANUEL URQUHART &
                                       SULLIVAN LLP
7

8

9                                      By  /s/ Joseph M. Paunovich

10                                         Harold A. Barza
                                           Joseph M. Paunovich
11                                         Attorneys for Plaintiff
                                           MOLDEX-METRIC, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. CV11-01742 GHK(AGR)
SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543.

On March 16, 2012, I served true copies of the following document(s) described as,

(1) FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION; (2) FEDERAL TRADEMARK DILUTION; (3) STATE TRADEMARK DILUTION; (4) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION; (5) STATE UNFAIR COMPETITION DEMAND FOR JURY TRIAL   on the interested parties in this action as follows:

Matthew A. Fischer                       Heather L. McCloskey
SEDGWICK LLP                        Robert A. Helfing
333 Bush Street, 30th Floor            SEDGWICK LLP
San Francisco, California 94104-2806   801 S. Figueroa Street 19th Floor
                                       Los Angeles, California 90017-5556

**BY FEDEX:**  I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 16, 2012, at Los Angeles, California.

Laura Valenzuela